**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

| | | |
|---|---|---|
| **JEFFREY S. ATTLESEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 5:20-cv-05190-TLB** |
| **LINCOLN LIFE ASSURANCE** | ) | |
| **COMPANY OF BOSTON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Lincoln Life Assurance Company of Boston, f/k/a Liberty Life Assurance Company of Boston ("Lincoln Life"),[1] files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff Jeffrey S. Attlesey and states as follows:

Lincoln Life denies that it or Liberty Mutual Insurance Company was the Plan Administrator as alleged in the introductory paragraph of the Complaint.

## I. PRELIMINARY STATEMENT

1. Lincoln Life admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Lincoln Life admits that by this action, Plaintiff is seeking recovery of long term disability benefits from the long term disability benefit component of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "LTD Plan"), along with attorney's fees, but Lincoln Life denies Plaintiff is entitled to any

[1] Improperly named in the Complaint as Liberty Mutual Insurance Company. As stipulated by the Parties (Document 12), Lincoln Life Assurance Company of Boston is the correct name of the Defendant in this action. Accordingly, all references to "Liberty Mutual" or "Liberty Mutual Insurance Company" in the Complaint are understood to refer to Defendant Lincoln Life Assurance Company of Boston. However, to the extent that any allegation in the Complaint is meant to refer to Liberty Mutual Insurance Company, which is a wholly separate entity, Lincoln Life denies that Liberty Mutual Insurance is a proper party to this lawsuit.

such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln Life admits that Plaintiff's claims are governed by ERISA. Lincoln Life denies all remaining allegations contained in Paragraph 2 of the Complaint.

**II. JURISDICTION.**

3. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 and 2 of the Complaint as though fully set forth in response to Paragraph 3 of the Complaint.

4. Lincoln Life admits that Plaintiff's claims are governed by ERISA. Lincoln Life admits this Court has jurisdiction over this action and over Lincoln Life. Lincoln Life specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against it. Lincoln Life denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln Life denies that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart Stores, Inc. ("Walmart") at one of its Bentonville, Arkansas locations. Lincoln Life denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent that Paragraph 6 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims,

issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

## **III. PARTIES AND VENUE.**

7. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 6 of the Complaint as though fully set forth in response to Paragraph 7 of the Complaint.

8. Lincoln Life admits that it issued Group Disability Income Policy No. GD/GF3-850-290765-01 (the "Policy") to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan and that the LTD Plan is an "employee benefit plan" as defined by ERISA. Lincoln Life admits Walmart sponsored the LTD Plan to provide long term disability benefits to certain of its employees. Lincoln Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln Life admits Walmart sponsored the LTD Plan to provide long term disability benefits to certain of its employees and that Walmart is the Plan Sponsor. Lincoln Life is without sufficient information to respond to the allegation that Walmart was the Plan Administrator and denies that and all remaining allegations contained in Paragraph 9 of the Complaint.

10. As Paragraph 10 only pertains to Walmart, Lincoln Life is not required to respond. To the extent a response is required, Lincoln Life denies the allegations contained in Paragraph 10 of the Complaint.

11. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart at one of its Bentonville, Arkansas locations. Lincoln Life admits that Plaintiff was, at certain times, a

participant in the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln Life admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies that it was the Plan Administrator of the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. As stipulated by the Parties (Document 12), Lincoln Life Assurance Company of Boston is the correct name of the Defendant in this action. Accordingly, Defendant understands that all references to "Liberty Mutual" or "Liberty Mutual Insurance Company" in the Complaint are meant to refer to Defendant Lincoln Life Assurance Company of Boston. Lincoln Life admits that it is licensed to do business in Arkansas and was properly served in this action. Lincoln Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln Life admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln Life specifically denies that it (or Liberty Mutual Insurance Company) was the Plan Administrator of the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln Life admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life admits that it was, at certain times, the claims administrator of the LTD Plan for claims under the Policy. Lincoln Life specifically denies that it (or Liberty Mutual Insurance Company) was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln Life is currently without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln Life admits

Plaintiff was, at certain times, employed by Walmart, and a participant in the LTD Plan sponsored by Walmart. Lincoln Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln Life admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life admits that Walmart sponsored the LTD Plan to provide long term disability benefits to certain of its employees and that Plaintiff was, at certain times, employed by Walmart at one of its Bentonville, Arkansas locations and was, at certain times, a participant in the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

## IV. STANDARD OF REVEIW

18. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 17 of the Complaint as though fully set forth in response to Paragraph 18 of the Complaint.

19. To the extent that Paragraph 19 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. To the extent that Paragraph 20 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. To the extent that Paragraph 21 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. To the extent that Paragraph 22 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. To the extent that Paragraph 23 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln Life admits the Policy includes language pertaining to discretionary authority, and Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

## V. THE PLAN

25. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 24 of the Complaint as though fully set forth in response to Paragraph 25 of the Complaint.

26. To the extent that the allegations contained in Paragraph 26 seek to interpret the provisions of the LTD Plan or the Policy, Lincoln Life refers to the documents governing the LTD Plan and the Policy as the best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

## VI. DISABILITY FROM OWN/REGULAR OCCUPATION AND DISABLING DIAGNOSIS

27. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 26 of the Complaint as though fully set forth in response to Paragraph 27 of the Complaint.

28. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart, as a Label Rewinder/Second Flexo Operator. Lincoln Life admits that certain documents concerning

Plaintiff's medical complaints and treatments and are contained in the claim file upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln Life admits certain documents concerning Plaintiff's job description at Walmart and his own occupation are contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln Life refers to the claim file itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln Life admits Plaintiff was, at certain times, employed by Walmart. Lincoln Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln Life denies the allegations contained in Paragraph 31 of the Complaint.

## VII. DISABILITY FROM ANY OCCUPATION

32. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 31 of the Complaint as though fully set forth in response to Paragraph 32 of the Complaint.

33. Lincoln Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln Life refers to the Policy itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

## VIII. PROCEDURE

34. Lincoln Life admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, but Lincoln Life refers to the letter and documents themselves as the

best evidence of their contents. Lincoln Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln Life denies the allegations contained in Paragraph 35 of the Complaint.

36. Lincoln Life admits that certain documents concerning Plaintiff's medical complaints and treatments and Plaintiff's salary are contained in the claim file upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln Life refers to these documents themselves as the best evidence of the contents. Lincoln Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Lincoln Life is without sufficient information concerning Plaintiff's claim for, or receipt of, Social Security Disability Benefits Plaintiff and, accordingly, must deny the allegations contained in Paragraph 37 of the Complaint.

38. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Lincoln Life admits only that its decisions on Plaintiff's claims for benefits from the LTD Plan were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and the relevant Plan documents. Lincoln Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 39 of the Complaint as though fully set forth in response to Paragraph 40 of the Complaint.

41. Lincoln Life admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life admits only that its decisions on

Plaintiff's claims for benefits from the LTD Plan were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy and the relevant Plan documents. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 41 of the Complaint.

42. Lincoln Life denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln Life admits that physician peer reviews are contained in the claim file regarding Plaintiff's claims for benefits from the LTD Plan, and Lincoln Life refers to the claim file itself as the best evidence of its contents. Lincoln Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Lincoln Life denies the allegations contained in Paragraph 44 of the Complaint.

45. Lincoln Life denies the allegations contained in Paragraph 45 of the Complaint.

46. Lincoln Life denies the allegations contained in Paragraph 46 of the Complaint.

47. To the extent that Paragraph 47 contains legal conclusions, Lincoln Life is not required to answer. Lincoln Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

## COUNT I

48. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 47 of the Complaint as though fully set forth in response to Paragraph 48 of the Complaint.

49. Lincoln Life denies the allegations contained in Paragraph 49 of the Complaint.

50. Lincoln Life admits Walmart sponsored the LTD Plan to provide long term disability benefits to certain of its employees and that the Policy issued by Lincoln Life to

Walmart, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln Life denies the allegations contained in Paragraph 51 of the Complaint.

52. Lincoln Life denies the allegations contained in Paragraph 52 of the Complaint.

53. Lincoln Life denies the allegations contained in Paragraph 53 of the Complaint.

54. Lincoln Life admits that it issued the Policy to Walmart, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln Life denies that it (or Liberty Mutual Insurance Company) was the Plan Administrator of the LTD Plan. Lincoln Life denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln Life denies the allegations contained in Paragraph 55 of the Complaint, including Paragraphs a-m thereunder.

56. Lincoln Life denies the allegations contained in Paragraph 56 of the Complaint.

57. Lincoln Life denies the allegations contained in Paragraph 57 of the Complaint.

58. To the extent that Paragraph 58 contains legal conclusions, Lincoln Life is not required to answer. To the extent a response is required, Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

**COUNT II**

59. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 58 of the Complaint as though fully set forth in response to Paragraph 59 of the Complaint.

60. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

## COUNT II

62. Lincoln Life repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 61 of the Complaint as though fully set forth in response to Paragraph 62 of the Complaint.

63. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with attorney's fees, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 63 of the Complaint.

64. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, along with other damages, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln Life admits that Plaintiff is seeking recovery of benefits from the LTD Plan, but Lincoln Life denies Plaintiff is entitled to any such relief or recovery. Lincoln Life denies all remaining allegations contained in Paragraph 65 of the Complaint.

66. Lincoln Life denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint, including Paragraphs 1-7 thereunder.

Lincoln Life denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the Policy contains sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln Life is subject to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln Life reserve the right to assert additional defenses.

7. Pursuant to the Stipulation (Document 12) filed by the Parties, all references to "Liberty Mutual" or "Liberty Mutual Insurance Company" in the Complaint are understood to

refer to Defendant Lincoln Life Assurance Company of Boston. However, to the extent that any allegation in the Complaint is meant to refer to Liberty Mutual Insurance Company, which is a wholly separate entity, Lincoln Life denies that Liberty Mutual Insurance Company is a proper party to this lawsuit.

**PRAYER**

Lincoln Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln Life be awarded such other and further relief to which it may show itself entitled.

Dated this 14th day of December 2020.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Western District of Arkansas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

G.E. Bryant, III
Email: trae@bryantestell.com

| | |
|---|---|
| December 14, 2020 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |