Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213

MR. JEFFERY ATTLESEY

EXHIBIT

B

Liberty Life Assurance Company of Boston
Group Benefits Disability Claims
P.O. Box 7213
London, KY 40742-7213
Phone No.: (888) 437-7611
Secure Fax No.: (603) 427-1850

February 6, 2018

Mr. Jeffery S. Attlesey

RE: Long Term Disability (LTD) Benefits
Wal-Mart Stores, Inc.
Claim #: 7531105

Dear Mr. Jeffery Attlesey:

Liberty Life Assurance Company of Boston ("Liberty") is responsible for managing claims for Long Term Disability ("LTD") benefits under the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("LTD Policy").

We have completed our review of your appeal for LTD Benefits and we have maintained the original determination to deny benefits.

**Initial Claim Decision**

You submitted a claim with a date of disability as of March 29, 2017 due to symptoms associated with Hereditary hypogammaglobulinemia and Crohn's disease. LTD benefits were denied as our evaluation of your claim file concluded you were not disabled as defined by the Policy.

Benefits were due to begin on October 3, 2017, after satisfying the 180 day elimination period; however benefits were denied, as the evaluation concluded that you were not disabled as defined by the Wal- Mart Stores, Inc.'s Long Term Disability Policy.

The basis for the denial determination was outlined in our letter to you of November 3, 2017. This letter provided you with an opportunity to request a review of the denial and submit additional information to support your claim for disability benefits. Specifically, you were advised to submit the following information:

*Contents of appeal. The written request for review must indicate the reasons why you feel the determination is inaccurate. In your request for review please include the following documentation: hospital records, discharge summaries, exam findings, operative reports, office visit notes, diagnostic test results, chiropractic notes, physical therapy notes, orthopedic notes, pain management notes, referrals, consultations, restrictions, limitations, treatment plans, and any other medical information from all treating providers; as well as any additional comments, documents, records, or other information which you would like considered.*

**Appeal**

In your letter of appeal dated November 27, 2017, you requested an appeal review of your denied claim. You stated your job was not customer service manager and you clarified your job was machine operator and noted that it was more physically demanding than customer service manager. You also stated your treating provider did not make the statement that there were no restrictions in physical activities and you were expected to have full time capacity of 8 hours per day, 5 days per week. You noted additional records were faxed to the office and asked that if we continued to have questions to contact Dr. Merritt directly.

In support of your appeal, we received:

- 11/13/17 letter from Dr. Merritt
- Dr. Merritt – progress notes 7/5/17, 3/30/17
- Lab Report 7/7/17

**Appeal Evaluation**

During the initial claim evaluation, your claim was reviewed by an independent physician Board Certified in Internal Medicine & Endocrinology to clarify the severity of your condition and current impairments that would preclude you from full-time employment.

In the report dated November 3, 2017, Dr. Yong-Sung Chyun confirmed that the diagnoses supported by the medical records are Hereditary hypogammaglobulinemia and Crohn's disease.

It was noted that the Hereditary hypogammaglobulinemia requires restrictions that help reduce the likelihood of getting an infection and that you should avoid contact with locations where people gather and avoid contact with individuals with a communicable active infection is mandatory.

Regarding any restrictions from Crohn’s disease, Dr. Yong-Sung Chyun noted that during an exacerbation of an episode, absence from work may be required.

Dr. Yong-Sung Chyun also contacted your treating Gastroenterologist, Dr Papadakis in order to gather additional information regarding your current functional status as related to Crohn’s disease. Dr. Papadakis confirmed the first date you treated with him was June 2015 and further indicated your Crohn’s was mild in severity and did not anticipate any barrier for you to return to work and that follow up was in one year.

During the appeal evaluation, your claim file was reviewed by an independent physician Board Certified in Allergy and Immunology, Dr. Jaron Abbott. The reviewer concluded that the diagnoses supported by the medical records are Hereditary hypogammaglobulinemia and Crohn's disease, however the medical documentation did not support any functional impairment from March 28, 2017 to the present. Dr. Jaron Abbott noted that restrictions are to avoid public settings where the risk of infections are greater and that you will always be at a greater risk of infection.

Dr. Jaron Abbott also noted that based on the medical records and documentation, restrictions of

avoiding public settings are considered a **precaution** and not a medical requirement. It was further noted that you have been in IG therapy since approximately 2009 and in a public work environment since 2005. The medical records do not document frequent infections due to your work environment so this cannot be considered a medical requirement. However, it is acknowledged you are at a higher risk for an infection given your immune deficiency. It would be reasonable for you to take precautions at work such as hand washing avoiding sick people and wearing a mask if needed.

In order to give your claim every consideration, the reviewer attempted to contact Dr. Merritt on several occasions but was unable to reach her telephonically. To give Dr. Merritt every opportunity to provide additional information, a letter was faxed to her office requesting additional information and clarification.

Dr. Abbott asked if there was evidence that you were developing severe infections due to your environment and she indicated "yes" but did not provide any further information. In response to the next question asking if it was medically required that you not be in a public environment, she answered "he has good days and bad days, was missing a lot of work" and when asked what has changed now that would not allow you to continue work she noted you had been on replacement since birth. She further added a comment you tried to work but now you have Crohn's in addition to x-linked hypogammaglobulinemia and you had infections and also bathroom issues 6 times per day. She did not provide any additional clinical information.

The appeal review concludes that you have a lifelong condition for which you have been in IG therapy since approximately 2009 and in a public work environment since 2005 and demonstrated the capability of working with precautions. Your medical conditions require precautions which are different than medical requirements or restrictions, as outlined by Dr. Jaron Abbott and supported by the medical evidence. It may be advisable to take precautions however, we do not find precautions, in and of themselves, would preclude you from performing the duties of your Own Occupation.

Our role in reviewing your file is to determine whether your medical condition and the medical documentation contained in your file supports that you are unable to perform the material and substantial duties of your own occupation. We are not required to ensure the availability of this occupation or that you return to active employment with your former employer in the same or different position

**<u>Conclusion</u>**

We conducted a thorough and independent review of your entire claim. We acknowledge you may have continued to experience some symptoms associated with your condition. However, the information does not contain exam findings, diagnostic test results or other medical documentation supporting your symptoms were of such severity, frequency and duration that they resulted in restrictions or limitations rendering you unable to perform the duties of your occupation.

Having carefully considered all of the information submitted in support of your claim, our position remains that based on the medical information contained in your file you do not meet the definition of total disability under the terms of the Wal-Mart Stores Inc.'s Long Term Disability Policy. Therefore, no benefits are payable.

This claim decision reflects an evaluation of the claim facts and Policy provisions.

**<u>Policy Provisions</u>**

To receive benefits, you must satisfy the requirements of all Policy provisions that state, in part:

> ***Disability Benefit***
>
> *When Liberty receives proof that a Covered Person is Disabled due to Injury or Sickness and requires the regular attendance of a Physician, Liberty will pay the Covered Person a Monthly Benefit after the end of the Elimination Period, subject to any other provisions of this policy. The benefit will be paid for the period of Disability if the Covered Person gives to Liberty proof of continued:*
>
> 1. *Disability;*
> 2. *Regular attendance of a Physician; and*
> 3. *Appropriate Available Treatment.*
>
> *The proof must be given upon Liberty's request and at the Covered Person's expense.*
>
> *For the purpose of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage. Liberty will not consider employment factors including, but not limited to, interpersonal conflict in the workplace, recession, job obsolescence, paycuts, job sharing and loss of a professional or occupational license or certification.*
>
> *For purposes of determining Disability, the Injury must occur and Disability must begin while the Employee is insured for this coverage.*

*"**Disability**" or "**Disabled**" means:*

1. *For persons other than truck drivers, pilots, co-pilots, and crewmembers of an aircraft:*
    i. *that during the Elimination Period and the next 12 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and…*

*"**Own Occupation**" means the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disability under this policy, Liberty will consider the Covered Person's occupation as it is performed at Wal-Mart Stores, Inc.*

Under the Employee Retirement Income Security Act ("ERISA") appeal guidelines, you were entitled to appeal the determination made by Liberty, and to submit any additional information you wished to be considered as part of the appeal. Liberty conducted a full and fair review of your appeal and accompanying materials, and determined the denial of benefits will be maintained.

At this time, your administrative right to review is exhausted and no further review will be conducted by Liberty and your claim will remain closed. You may request to receive, free of charge, copies of all documents relevant to your claim. You have the right to bring a civil action

under section 502(a) of ERISA following an adverse benefit determination on review.

Nothing in this letter should be construed as a waiver of any Liberty rights and defenses under the above captioned policy, and all rights and defenses are reserved to Liberty, whether or not they are specifically mentioned herein.

If you have any questions regarding this matter, please contact me.

Sincerely,

Bonnie Collett
Appeal Review Consultant
Phone No.: (888) 437-7611 Ext. 16339
Secure Fax No.: (603) 427-1850